UNITED STATES DISTRICT, SOUTHERN WEST VIRGINIA
TERESA L. DEPPNER, DISTRICT CLERK
300 VIRGINIA ST.,
EAST ROOM 2400
ZIP: 25301
CHARLESTON   WV   25339-2546



FILED
JUL 20 2007
TERESA L. DEPPNER, CLERK
U.S. District Court
Southern District of West Virginia

MARILYN POWELL       (
   Plaintiff, et.al   (
                      (
                      (
V.                   (
                      (   DOCKET NO. 1:07-0452
                      (
FEDERAL BUREAU OF PRISONS  (
   Defendants         (
                      (
                      (
                      (
                      (

## COMPLAINT

Comes now, Plaintiff Marilyn Powell, and files with this Court her Complaint against the Federal Bureau of Prisons. The Plaintiff has exhausted all her administrative remedies.

Plaintiff Powell challenges the denial of all three (3) of her administrative remedies and presents to this Court extraordinary circumstances in reference to administration of the IFRP <u>double payments</u>, and IFRP payments based on money received from the inmate families to later make the <u>families responsible</u> for the <u>IFRP payment</u> because when they send their love one money for commissary, they will have to send extra for the inmate IFRP payment. Making it their responsibility to pay on the inmate fines and restitution, another burden placed on families along with the task of taking care of grandchildren, some with special needs and sick relatives.

In Movant's Transcript of Proceedings before the Honorable Thomas W. Phillips, U.S. District Judge, on March 2, 2006; Judge Phillips stated on page 13, line 19-22

" The Court has considered the nature and circumstances of the offense, the history and characteristics of the defendant and the advisory guideline range as will the other factors listed in 18 United States Code Section 3553 (a). "

In Criminal Procedure 18 USCS § 3553. Imposition of a sentence (a) (2) (D), it states:

(a) Factors to be considered in imposing a sentence. The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider(a) (2) (D).

Criminal Procedure 18 USCS § 3553 (a) (2) (D) states:

" to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; "

Alderson Federal Prison Camp Unit Team, Tina Altizer (Unit Manager), Melissa Evans (Case Manager), and Teresa Webb (counselor), Alderson former Warden Deborah A. Hickey, Regional Director K.M. White and The General Counsel did not demonstrate even to a minimal that the goal of 18 USCS § 3553 (a) (2) (D) were met.

To be specific, On November 10, 2006 I signed a Inmate Financial Contract, I did so in order to avoid being placed in "direct refusal". (attached to this complaint is Exhibit A, Inmate Financial Contract). On November 14, 2006, I had team and stated to Mrs. Altizer " I can understand my IFRP payment been based on what my mother and two daughters sent in before I started working at UNICOR but I do not understand them having to pay the payment, it is not their responsibility to pay my restitution or fines. I am now working at UNICOR and it is important that I am able to meet my on financial obligations. Will you please terminate the Financial Contract signed on November 10, 2006 and execute a new Inmate Financial Contract to reflect IFRP payments of my UNICOR payments only. Mrs. Altizer then stated " I will not terminate the Financial Contract signed on November 10, 2006 to reflect IFRP payments of your UNICOR pay only. " On November 27, 2006, I filed a BP-9. (attached to this complaint is Exhibit B, BP-9). On December 19, 2006, The Warden Deborah A. Hickey, sent a response to the BP-9 stating Program Statement 53.08, Inmate Financial Responsibility, "provides specific guidelines for the computation of money which may be considered for IFRP payments."

I understand the IFRP payment been based on what my mother and two daughter sent in before I started working at UNICOR, but there is no where in policy where it states it is their responsibility to pay my restitution or fines. (attached to thes complaint is Exhibit C, Response To Administrative Remedy 436046-F1).

On December 28, 2006, I filed a BP-10, stating basically the same as the BP-9. (attached to this complaint is Exhibit D, BP-10). On February 12, 2007, I received a copy of Extension of Time for Response to Administrative Remedy from Mid-Atlantic Regional Office. (attached to this complaint is Extension Of Time For Response).

On February 20, 2007, Mrs. Webb called me into her office and ask "why did you not pay the $95.00 payment" and I stated "my mother could not pay the $95.00 payment for February because my grandmother had got sick and she had to buy extra medication plus she have my son to take care of also, she just cannot pay this month." Mrs. Webbb then went into Mrs. Altizer office, and after a while called me to come into Mrs. Altizer office, Mrs. Altizer then ask me the same questions Mrs. Webb had ask and I answered the same as I had answered Mrs. Webb. She then stated "if you would have not spent the other half of your UNICOR pay and the $60.00 your mother sent you last month you would have had enough to pay the $95.00, you are in refusal." I then stated "I was not aware that I was suspose to save the other half of my UNICOR pay for the second payment and my mother had a extra $60.00 from her income tax to send me to buy tennis shoes for my birthday and the I used the other half of my UNICOR pay to buy personal hygiene. She then stated "that will be all."

On February 21, 2007, I was at work on the phones at UNICOR when Mr. Plum came and tap me on the shoulder and stated "you need to see Mr. Boyd." When I entered Mr. Boyd office , he stated "give me your head phones and ID and go to CDR." I had a good work report and had earned a grade 3 pay, I did my job very well. On February 23, 2007, I was accepted into the Culinary Arts Program. On March 1, 2007, Mrs. Bowling called CDR and asked me to come to her office. After I entered her office she stated "you cannot take the Culinary Arts Program because you are in IFRP refusal." I then stated "on February 23, 2007, I bought this problem up to the Assistant Warden Mrs. Lowe, about making double

payments and she is lookining into the matter, I am also waiting for an answer from my BP-10 in reference to the same problem. Mrs. Bowling then stated "let me know what the AW has to say." I saw Mrs. Lowe at main line and explained what Mrs. Bowling had explained to me and to know if she had looked into the matter about making double payments. Mrs. Lowe then stated she had not had time to look into policy to give her another week, I then stated "I do not have another week because Mrs. Bowling is going to put me out of the Culinary Arts Program." Mrs. Lowe then stated "let me get with Mrs. Altizer and I will get back with you.

On March 5, 2007, I went back to Mrs. Lowe and asked if she talk to Mrs. Altizer and she stated "she is not going to let you in the program." On March 7 or 8 of 2007, after I stated to region on the BP-10 " it is discrimination when the Unit Team allow some inmates to pay 50% of their UNICOR earnings only and make some (minorities) pay both." Mrs. Webb put inmate Soehng #33441-013 and other minorities that work at UNICOR to come to her office and stated "your family no longer have to pay your IFRP payment, we will only take 50% of your UNICOR pay, you no longer have to pay both." Then told her to excute a new Inmate Financial Contract reflecting IFRP payments of 50% of her UNICOR pay only. The very thing I had been asking for since November 10, 2006. On March 20, 2007, I received a Regional Administrative Remedy Appeal response (attached to this complaint is Regional Administrative Remedy Appeal Remedy No.: 436046-R1) "During your November 2006 program review, you met with members of your unit team and it was determined you had the ability to pay more than 50% of your earnings, it was determined you could pay an additional $95.00 Although you indicate you should only pay 50% of your UNICOR earnings, policy indicates the 50% minimum can be exceeded after considering the inmat's specific obligations and resources.'

First of all the Unit Team nor the former Warden Deborah A. Hickey never meation anything about me paying more than 50% of my UNICOR pay. Second The Unit Team removed me from UNICOR at a grade 3 level making $100.00 monthly (to date I would have been a grade 1 making more plus receiving bonuses) and placed in CDR making $5.25 monthly. This is not encouragement nor is it demonstrating even to a minimal the goal of 18 USCS § 3553 (a) (2) (D). The Unit Team should have excuted a new contract reflecting $95.00 of my

- 4 -

UNICOR pay instead of removing me from the job, I was an excellent agent and worked overtime, went to work every day and never caused any problems on the job, never even complained like the majority of inmates. Third it was determined my mother and two daughters could pay an additional $95.00 per month again the IFRP payment had been based on what my mother and two daughters sent in before I started working at UNICOR. Fourth the response go on to state " Although this is a voluntary program, inmates who participate in the IFRP receive the benefits afforded to those who demonstrate responsibility toward satisfying their court ordered financial obligations. If you elect not to participate in the IFRP , certain privileges shall be revoked. As a Unit Team function, staff apply this policy to those inmates who have financial obligations. I can't tell this is a voluntary program, because I chose to participate in the program and even stated in the BP-9 "I am not willing to lose my preferred living unit, Job/and or commissary privileges because my mother nor two daughters will not and cannot pay $95.00 on my financial obligations."

On March 30, 2007 I typed a BP-11 and mailed out with attachments (attached to this complaint is BP-11). On April 23, 2007, Mrs. Webb called me into her office and asked me to sign a new Inmate Financial Plan, for $25.00 due May 10, 2007 and the next payment due June 10, 2007. On April 30, 2007 I had not received an acknowledgement of receipt of the Central Office Administrative Remedy Appeal so I wrote a letter to Washington (attached to this complaint is Exhibit F correspondence from movant to Federal Bureau of Prisons), please notie date received by FBOP. On May 8, 2007, Mrs. Webb called me into her office and gave me a Rejection Notice - Administrative Remedy sent from the Federal Bureau of Prisons (attached to this complaint is Exhibit G correspondence from movant to Federal Bureau of Prisons dated May 9, 2007). On May 14, 2007, Mrs. called me back into her office and stated she made a mistake and I need to sign a new Inmate Financial Plan, $75.00 a month starting July 10, 2007. On May 16, 2007, I received a Memorandum from the Federal Bureau of Prisons stating "Your appeal was rejected and returned to you on 4/16/2007. (attached to this complaint is Exhibit H Memorandum from FBOP). On the same date May 16, 2007 I wrote Mrs. Webb a BP-S148.055 and asked her can she please explain how she received my BP-11 rejection notice instead of me. (attached to this complaint is

Exhibit I, BP-S148.055) Mrs. Webb referred me to Ms. Shires so I wrote Ms. Shires a BP-S148.055 to please explain to me why my BP-11 rejection notice was routed to Mrs. Webb instead of me. (attached to this complaint is Exhibit J, BP-S148.055) On May 17, 2007, I received a Receipt for Administrative Remedy BP-11 (attached to this complaint is Exhibit K Receipt for Administrative Remedy BP-11). On June 20, 2007 I received an Extension Of Time For Response - Administrative Remedy. (attached to this complaint is Exhibit L, Extension of Time for Response). On July 16, 2007, I received an Administrative Remedy Number 436046-A2, Part B - Response. Your appeal is denied. (attached to this complaint is Administrative Remedy Number Number 436046-A2).

On July 10, 2007, my mother who is taking care of her mother and my son sent $75.00 into this institution to pay on my IFRP payment. Again there is no where in program Statement 5280.07, that states your family is and should be responsibile for your restitution and fines. Former warden Deborah A. Hickey, Regional Director K.M. White and Harrell Watts, Administrator, National Inmate Appeals have failed to mention anything about :

1. The double payment method forced on me while I was employed at UNICOR.

2. My past and current IFRP payments being based on what my family send in.

3. My family paying my IFRP payments.

On their 436046-F1, 436046-R1 and 436046-A2. Mr. Watts also stated in his 436046-A2 "There is no evidence the payment formula is applied differently toward certain racial groups." This is fact and I have the evidence and wittnesses to prove it.

For these reasons at hand I ask the Court to grant me this Motion at hand. I have stated my reasons above, for claims for relief. Relief is due to Monitary, Physical, Emotional and Punitive damages that cause me Mental Anguish, and I have been injured by the administration of the IFRP double payments. One (1) Million relief for damages and an Injuction:

1. To refrain from the double payment method forced on current and future UNICOR workers at Alderson Federal Prison Camp.

2. To refrain from basing current and future inmates IFRP payments being based on what their families send in, they did not commit the crime and should not be held

responsible for their restitution or fines. Inmates are employed by UNICOR and the institution and should be able to meet their own financial obligations while incarcerated in order to accept responsibility for their IFRP payments based on their institution and UNICOR pay. The burden of financial responsibility by in mates families is UNJUST.

Per U.S.C 545.11 Subpart B

Inmate financial responsibility program, procedures states:

Payments may be made from institution resources "or" Non-Institution resources. UNICOR is Non-Institution.

Relief claims reasons and facts have all plainly been stated, and I do ask for these reliefs and pray that you grant them.

                                              RESPECTFULLY SUBMITTED

                                              MARILYN POWELL
                                              14972-074  B-3
                                              P.O. BOX A
                                              ALDERSON, WV  24910

                                              7/17/07
                                              DATE