```
             IN THE UNITED STATES DISTRICT COURT
          FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
                         AT BLUEFIELD
```

**MARILYN POWELL,**

    **Plaintiff,**

v.                                     **CIVIL ACTION NO. 1:07-00452**

**FEDERAL BUREAU OF PRISONS,**

    **Defendant.**

### MEMORANDUM OPINION AND ORDER

    Plaintiff Marilyn Powell filed her complaint in this court on July 20, 2007, challenging the Federal Bureau of Prisons' ("BOP") method of administering its Inmate Financial Responsibility Program ("IFRP").[1] (Doc. No. 1.) On February 4, 2008, Magistrate Judge R. Clarke VanDervort submitted his Proposed Findings and Recommendation ("PF & R") recommending dismissal of plaintiff's complaint and removal of this matter from the court's docket. (Doc. No. 3.) Plaintiff filed timely objections on February 15, 2008 (Doc. No. 4), of which the court has conducted a de novo review pursuant to 28 U.S.C. § 636(b).[2]

---

[1] Plaintiff is acting pro se, and the court has accordingly construed her filings liberally pursuant to Haines v. Kerner, 404 U.S. 519, 520-21 (1972).

[2] In his PF & R, Magistrate Judge VanDervort noted that plaintiff's complaint refers to certain documents she had attached as exhibits, but that no such exhibits were received by the Clerk of the Court. (Doc. No. 3 at 2 n.3.) In response, plaintiff states that, "when the Complaint was put in the prison mail system on July 17, 2007 all the exhibits were attached." (Doc. No. 4 at 3.) Plaintiff included the intended exhibits as

For the reasons set forth below, the court adopts the PF & R in part and refers this matter to the magistrate judge for further proceedings.

I.  **Plaintiff's Participation in the Program**

In his PF & R, the magistrate judge construed plaintiff's complaint pursuant to the United States Supreme Court's decision in <u>Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics</u>, 403 U.S. 388 (1971).  Magistrate Judge VanDervort further concluded that this action is not cognizable under 28 U.S.C. § 2241, because "Plaintiff is not complaining that she was coerced into participating in the IFRP; rather, she complains that Defendant improperly administered it as she participated in it."  (Doc. No. 3 at 3 (<u>citing</u> <u>Summersett v. Baucknecht</u>, 496 F. Supp. 2d 636, 642 (D.S.C. 2007); <u>Dominguez v. Bureau of Prisons</u>, No. 5:06-CT-3088-FL, 2007 WL 4224329 (E.D.N.C. May 15, 2007)).)

Plaintiff's narrative complaint does briefly state, however, that she signed an Inmate Financial Contract – thus agreeing to participate in the IFRP – "in order to avoid being placed in 'direct refusal.'" (Doc. No. 1 at 2.)  Applying the liberal standard that governs pro se filings, the court believes that such a statement should be interpreted as an allegation that the

---

attachments to her objections, and the court has considered them in the course of its de novo review.

nature of the IFRP, which awards certain privileges to its participants, coerced her participation in the program.[3]

A challenge to the use of the IFRP to collect a court-imposed monetary obligation relates to the execution of a prisoner's sentence, and should therefore be considered as a habeas claim under 28 U.S.C. § 2241.  Summersett, 496 F. Supp. 2d at 642; Webb v. Hamidullah, No. 0:06-422-HFF-BM, 2006 U.S. Dist. LEXIS 49669, at * 6 (D.S.C. June 19, 2006)(citing Matheny v. Morrison, 307 F.3d 709, 712 (8th Cir. 2002); United States v. Childs, 126 F. Appx. 96 (4th Cir. 2005)(unpublished); Blaik v. United States, 161 F.3d 1341, 1342-43 (11th Cir. 1998)).

These challenges to the program, which are generally analyzed under the Due Process framework, uniformly fail. Weinberger v. United States, 268 F.3d 346, 361 n.6 (6th Cir. 2001); Dorman v. Thornburgh, 955 F.2d 57, 58-59 (D.C. Cir. 1992)(per curiam); Johnpoll v. Thornburgh, 898 F.2d 849, 851 (2d Cir. 1990); James v. Quinlan, 866 F.2d 627, 629 (3d Cir. 1989); Williams v. Farrior, 334 F. Supp. 2d 898, 903-04 (E.D. Va. 2004); Dominquez v. Bureau of Prisons, No. 5:06-CT-3088-FL, 2007 WL 4224329 (E.D.N.C. May 15, 2007); Webb v. Hamidullah, No. 0:06-422-HFF-BM, 2006 U.S. Dist. LEXIS 49668, at * 12 (D.S.C. June 19,

---

[3] In plaintiff's objections, she clarifies that she alleges both that she was coerced into participating in the IFRP and that the program was improperly administered as she participated in it.  (Doc. No. 4 at 3.)

2006).  Accordingly, the court overrules plaintiff's objection to the magistrate judge's recommended dismissal of this claim.

## II.  Amount of Restitution Obligation

In her objections, plaintiff raises for the first time in this action a challenge to the sentencing court's calculation of her restitution obligation.  (Doc. No. 4 at 1-2.)  After pleading guilty in the United States District Court for the Eastern District of Tennessee to three counts of making false, fictitious, or fraudulent claims against the United States in violation of 18 U.S.C. §§ 2 and 287, plaintiff was sentenced to forty-eight months of imprisonment and was ordered to pay a $300.00 special assessment and $59,865.28 in restitution to the Internal Revenue Service.  United States v. Powell, 236 Fed. App'x 194, 196 (6th Cir. 2007).

Plaintiff then appealed to the Sixth Circuit Court of Appeals, apparently disputing only the district court's denial of her motion to withdraw her guilty plea.  Id.  In the absence of a showing of cause and prejudice, one may not seek collateral review of claims not raised on direct appeal.  Massaro v. United States, 538 U.S. 500, 504 (2003).  To the extent plaintiff seeks review of the sentencing court's restitution order, her claim is therefore dismissed.

4

**III. Equal Protection Claim**

As noted by the magistrate judge, plaintiff's complaint also appears to allege a violation of her right to equal protection of the laws in violation of the Fifth and Fourteenth Amendments to the United States Constitution.  Under the Equal Protection Clause, "governmental decisionmakers [are prohibited] from treating differently persons who are in all relevant respects alike."  Nordlinger v. Hahn, 505 U.S. 1, 10 (1992).  Generally, a governmental classification will be presumed valid if it is rationally related to a legitimate state interest.  City of Cleburne v. Cleburne Living Ctr., Inc., 473 U.S. 432, 440 (1985).  "The general rule gives way, however, when [the government] classifies by race, alienage, or national origin.  These factors are so seldom relevant to the achievement of any legitimate state interest that laws grounded in such considerations are deemed to reflect prejudice and antipathy . . . ."  Id.  Governmental actions grounded in such discrimination are therefore subject to strict scrutiny, "and will be sustained only if they are suitably tailored to serve a compelling state interest."  Id.

Analyzing plaintiff's allegations under Bivens, the magistrate judge concluded that plaintiff attempted to state a claim of discrimination arising from her financial circumstances.  (Doc. No. 3 at 7.)  It appears the magistrate judge understood the complaint to allege that the designation of inmates as either

5

paying fifty percent or more than fifty percent of their prison earnings was, itself, a suspect classification under the Fourteenth Amendment.  (Id. ("[Plaintiff's allegations] do not indicate the violation of a fundamental right or the different and discriminatory treatment of a protected class of inmates. Plaintiff basically complains that she was treated differently than other inmates insofar as she was required to pay more than 50% of her UNICOR earnings under the IFRP. . . . Plaintiff's circumstances are different from other inmates [in that she owes a large amount of restitution,] and she was treated accordingly.").)

To be sure, narrative complaints often prove inscrutable to their decipherers.  Nonetheless, it appears evident that plaintiff intended to complain of discrimination based on her race.[4]  (See Doc. No. 1 at 4 ("[I]t is discrimination when the Unit Team allow some inmates to pay 50% of their UNICOR earnings only and make some (minorities) pay both."); Doc. No. 1 at 6 (asserting that plaintiff has evidence to prove that the IFRP's payment formula is applied differently toward certain racial groups).)  As such, the court refers this matter to Magistrate Judge VanDervort for further consideration of plaintiff's Equal Protection claim.

---

[4]  The Federal Bureau of Prisons' Inmate Locator indicates that plaintiff is African-American.

## **CONCLUSION**

For the reasons set forth above, the court 1) **CONFIRMS AND ACCEPTS** the Proposed Findings and Recommendation **IN PART;** 2) **OVERRULES** plaintiff's objections **IN PART;** and 3) **REFERS** this matter to Magistrate Judge R. Clarke VanDervort for further consideration of plaintiff's Equal Protection claim, only.

The Clerk is directed to mail a copy of this Memorandum Opinion and Order to Magistrate Judge VanDervort and to plaintiff, pro se.

It is **SO ORDERED** this 28th day of February, 2008.

ENTER:

*David A. Faber*

David A. Faber
United States District Judge